EL PUEBLO DE PUERTO RICO, apelado, *v.* MIGUEL A. MARTÍNEZ RÍOS, acusado y apelante.

*Número:* CR-79-47    *Resuelto:* 18 de diciembre de 1979

*José Rafael Gelpí* y *Felipe Benicio Sánchez*, abogados del apelante; *Héctor A. Colón Cruz, Procurador General*, y *Lorraine Riefkohl de López, Procuradora General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Mediante cargos separados contenidos en un mismo pliego acusatorio se imputó al apelante que el 13 de abril de 1977 transportó y/o ocultó la sustancia controlada c/p cocaína y distribuyó la sustancia controlada c/p cocaína.

A solicitud del fiscal y en ausencia del jurado, se archivó el cargo relacionado con la transportación y ocultación y subsiguientemente se dio lectura ante el jurado, del cargo relacionado con la distribución de la droga. El pliego acusatorio, que incluía el cargo de transportación y ocultación archivado, fue entregado al jurado en la etapa de deliberación. El jurado rindió un veredicto que en lo pertinente expresa como sigue: "Criminal Núm. G-78-364, el Pueblo de Puerto Rico v. Miguel Martínez Ríos por el delito de Ley de Sustancias Controladas;

Nosotros los señores del jurado declaramos al acusado culpable del delito de Ley de Sustancias Controladas."

El tribunal impuso al apelante condena de 10 a 14 años de presidio. El apelante señala la comisión de tres errores. En sustancia el apelante alega 1) que la pena impuesta no corresponde al delito imputado, 2) que dicha pena constituye un castigo cruel e inusitado y 3) que fue perjudicial que el jurado recibiera el pliego acusatorio con el cargo archivado, que constituye una declaración jurada del fiscal imputándole la comisión de otro delito, que el jurado pudo considerar como transacción separada.

No se cometió el primer error señalado. Al apelante se le imputó distribuir la sustancia controlada conocida por cocaína. La cocaína es "un compuesto, producto, sal, derivado, o preparación de . . . hojas de coca," que bajo el inciso (17) del Art. 102 de nuestra Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2102, inciso (17), se incluye como "Droga Narcótica". Las "Hojas de coca y cualquier sal, compuesto, derivado o preparación de hojas de coca" se incluyen en la Clasificación II del Art. 202 de dicha ley, 24 L.P.R.A. sec. 2202, cuya clasificación comprende sustancias con uso medicinal aceptado, pero con alto potencial de abuso y dependencia. Bajo el Art. 401 de la Ley, 24 L.P.R.A. sec. 2401, la distribución ilegal de sustancias controladas incluidas en la Clasificación II que sean drogas narcóticas, conlleva pena de 10 a 30 años de prisión. La pena impuesta al apelante de 10 a 14 años de prisión está dentro de esos límites y es válida.

La legalidad de la pena depende de que se pruebe que él distribuyó una sustancia incluida bajo la Clasificación II, que además aparece incluida como droga narcótica. En el presente caso se alegó y probó que el apelante vendió cocaína, que es una droga narcótica incluida en la Clasificación II.

El segundo señalamiento tampoco tiene mérito. La pena de 10 a 30 años de presidio dispuesta por la ley que puede aparejar la convicción por el delito imputado, no constituye un castigo cruel e inusitado. La cocaína, por su alto valor en el

mercado ilícito—el apelante vendió una onza con 70% de pureza en $1,350—constituye un incentivo atrayente, inclusive para el crimen organizado. Se ha resuelto que no constituye un castigo cruel e inusitado penalidades en exceso de 10 años, inclusive cadena perpetua, por convicciones relacionadas con la venta de drogas prohibidas. Véase *Narcotic Sale—Sentence as Excessive*, 55 A.L.R.3d 812, 830–835 (1974).

El tercer y último señalamiento del apelante se relaciona con la entrega al jurado de la acusación conteniendo un cargo que previamente había sido archivado. La acusación es un escrito jurado por el fiscal. Regla 34(a) de Procedimiento Criminal. Sostiene el apelante que ese escrito jurado por el fiscal constituye una deposición o declaración bajo la Regla 140 de Procedimiento Criminal. El apelante no se queja de que pasara al jurado la parte de la acusación conteniendo el cargo por el cual fue procesado, sino el cargo archivado.

La mencionada Regla 140 dispone que "Al retirarse a deliberar, el jurado deberá llevarse consigo todo objeto o escrito admitido en evidencia, excepto las deposiciones". Igual excepción aparecía en el Art. 274 de los Códigos de Enjuiciamiento Criminal de los años 1935, 34 L.P.R.A. sec. 783, y 1902 y en la Sec. 83 de la Ley Sobre Procedimientos en los Juicios por Jurados, del 30 de enero de 1901. En esta última ley la palabra *"depositions"* erróneamente se tradujo a "declaraciones" en el texto español.

■ Los casos citados por el apelante—*Pueblo* v. *Reyes*, 6 D.P.R. 196 (1904) y *Pueblo* v. *Ramos Cruz*, 84 D.P.R. 563 (1962)—no son aplicables. En ellos se trataba de la situación cuando una confesión del acusado va al jurado. En el caso de autos se trata de una acusación que contiene dos cargos, uno de los cuales fue archivado pero a pesar de ello pasó al jurado. Esto no perjudicó al acusado ya que la realidad es que la acusación contenía dos modalidades de un solo delito. No se hacía referencia a delito anterior alguno que hubiese cometido el acusado. Ciertamente la mencionada circunstancia no plantea un error que amerite la revocación de la sentencia.

■ Aunque no lo plantea formalmente como señalamiento de error, el apelante argumenta que el veredicto es nulo por ser demasiado genérico ya que expresa que "Nosotros los señores del jurado declaramos al acusado culpable del delito de Ley de Sustancias Controladas".

■ Es cierto que dicho veredicto no es un modelo de redacción y que los jueces deben instruir a los jurados para que expresen su veredicto en forma más correcta, pero esa incorrección de forma no lo hace nulo. La Regla 146 de Procedimiento Criminal expresamente dispone que el veredicto declarará al acusado "culpable" o "no culpable" o "no culpable por razón de locura". Dispone dicha Regla que no será necesario conformarlo estrictamente a esta terminología. Solamente exige que la intención del jurado sea clara. No es necesario que el veredicto exprese con precisión técnica la infracción de la ley si expresa claramente que el jurado encontró al acusado culpable. Éste es el caso de autos. Lo importante es la sustancia—la decisión a que llegó el jurado— y no determinada forma técnica de expresarlo. Si el jurado lo hubiese encontrado inocente así lo hubiese dicho en vez de declararlo culpable. En *Pueblo* v. *Vélez Torres*, 98 D.P.R. 5, 9 (1969), ante un planteamiento similar expresamos que en las instrucciones al jurado se había especificado el delito imputado al acusado y que se le había entregado además al jurado copia de la acusación. Resolvimos que fue clara la intención del jurado de declarar culpable al acusado de violación al Art. 29 de la Ley de Narcóticos aunque el veredicto no indicó el artículo o disposición legal específica bajo la cual declaró culpable al acusado. Resolvimos que la información previa que el jurado tenía lo informó suficientemente para declarar al acusado culpable o inocente de la violación imputada.

■ En *Pueblo* v. *Valcourt*, 16 D.P.R. 728 (1910), también sostuvimos un veredicto que fue atacado de vago e incierto. Allí expresamos que si bien hubiese sido mejor que se hubiesen empleado las palabras "de que se le acusa" o "que se le imputa" el no haberlo hecho no anulaba el veredicto.

Repetimos ahora que una forma de evitar estos problemas es expresando, cuando proceda, que se declara al acusado culpable del delito imputado. Eso haría el veredicto formalmente correcto, sin el requisito de expresiones más técnicas.

■ Si el acusado fue debidamente acusado y notificado de la acusación y si se le permitió hacer una defensa en el juicio que satisface los requisitos del debido procedimiento de ley el veredicto es válido cuando expresa solamente que es inocente o culpable, según lo exige la Regla 146.

*Se confirmará la sentencia apelada.*

El Juez Asociado Señor Irizarry Yunqué no intervino.